United States District Court
Southern District of Texas
**ENTERED**
July 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MIDFIRST BANK, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-cv-02603 |
| § | |
| ABRAHAM JUNIOR MORRISON § | |
| AS THE LEGAL GUARDIAN FOR § | |
| MINOR SKM, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Plaintiff's Motion for Final Summary Judgment and Brief in Support. Dkt. 20. After considering the motion, the summary judgment record, and the applicable law, I recommend that the motion be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

This case concerns the failure to make payments on a home mortgage loan. The real property at issue is located at 3110 Palstone Bend Lane, Houston, Texas 77014 (the "Property"). The metes-and-bounds description of the Property is as follows:

> LOT TWENTY (20), IN BLOCK ONE (1), OF VILLAS AT NORTHPARK SEC 1, AN ADDITION ACCORDING TO THE MAP OR PLAT THEREOF FILED UNDER CLERK'S FILE NO. W-353614 RECORDED AT FILM CODE NO 527238, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

On October 28, 2004, SeeToyah K. Bell ("Bell") executed (1) a Promissory Note involving the Property for $100,231.00 payable to Universal American Mortgage Company, LLC ("Universal"); and (2) a Deed of Trust granting Universal and its successor and assigns a security interest in the Property. Plaintiff MidFirst Bank ("MidFirst") currently owns the Promissory Note and the Deed of Trust.

Bell died on December 23, 2019. She is survived by her minor daughter, SKM. At the time of her death, Bell was not married. Defendant Abraham Junior Morrison is SKM's custodial parent. No probate proceedings were initiated for Bell. In accordance with the Texas Estates Code, SKM acquired Bell's interest in the Property upon her death—subject to the amounts due and owing under the Promissory Note. *See* TEX. ESTATES CODE §§ 101.001(b) and 101.051.

The Promissory Note is significantly overdue. Payments are outstanding for the period from February 1, 2020, to the present. On May 26, 2020, MidFirst mailed a notice of default to the Property's address. The notice of default identified the amount in default, described the time period to cure the default, and explained that the debt would be accelerated if the default was not cured by June 30, 2020. MidFirst followed up on July 6, 2021 by sending a notice of acceleration of the balance due.

On August 11, 2021, MidFirst filed this lawsuit against Morrison, as the legal guardian of SKM, seeking a declaratory judgment that MidFirst is entitled to foreclose on the Property. Although MidFirst served Morrison on August 14, 2021, Morrison did not respond to this lawsuit. MidFirst then sought a default judgment against Morrison. At the default-judgment hearing, held on December 22, 2021, Morrison appeared, causing District Judge George C. Hanks, Jr. to deny MidFirst's request to enter a default judgment. Morrison indicated that he intended to sell the Property on behalf of SKM. MidFirst's counsel explained that Morrison would have to provide MidFirst with an affidavit of heirship so he could be authorized in the subject mortgage account. Judge Hanks ordered Morrison to provide MidFirst with an affidavit of heirship by January 31, 2022. Morrison did not provide the required affidavit of heirship.

MidFirst has now moved for summary judgment.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (quotation omitted). In deciding a motion for summary judgment, I "consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).

## DISCUSSION

MidFirst seeks a declaratory judgment allowing it to exercise its right to foreclose on the Property.

To foreclose under a security instrument with a power of sale in Texas, MidFirst must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014). The undisputed summary judgment evidence offered by MidFirst conclusively establishes each of these elements.

First, there is no dispute that a debt exists. Attached to MidFirst's summary judgment papers is the Promissory Note that Bell executed. An affidavit provided by a Vice President at MidFirst establishes that as of March 9, 2022, $102,983.31 was owed under the Promissory Note.

Second, there is also no dispute that the debt is secured by a lien. The Deed of Trust specifically creates a lien under Texas law.

Third, the Promissory Note is unquestionably in default. MidFirst has presented evidence that payments are long overdue. No monthly mortgage payment has been made in almost two and a half years.

Fourth, and finally, there is no genuine dispute of material fact that MidFirst properly served notice of default and notice of acceleration. The required notices

were sent to the Property's address, as required by the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.002(e) (West) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."); Dkt. 20-1 at 4, ¶¶ 11, 12 (Declaration of MidFirst Vice President Madison Graspo regarding service of the notices).

MidFirst has also established that it has standing to foreclose since it is the current owner and holder of the Promissory Note and Deed of Trust. *See Everbank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that a party has standing to foreclose if it is the owner or holder of a note secured by a deed of trust). Accordingly, MidFirst is entitled to summary judgment on its request for a declaratory judgment allowing it to proceed with a non-judicial foreclosure of its lien on the Property.

As a final matter, MidFirst seeks an award of attorney's fees, not as a monetary judgment against Morrison, but as a further obligation owed under the Promissory Note and Deed of Trust. Under Texas law, contractual provisions calling for the award of attorney's fees are fully enforceable. *See Dall. Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). The Promissory Note and Deed of Trust both entitle MidFirst to an award of reasonable attorney's fees. The Promissory Note provides: "If Lender has required immediate payment in full, . . . Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law." Dkt. 20-1 at 9. The Deed of Trust states: "If Borrower fails to make [Promissory Note] payments . . ., then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property . . . . Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument." *Id*. at 15.

Although I find that MidFirst is entitled to an award of reasonable attorney's fees, the record is devoid of any evidence concerning the amount of attorney's fees incurred or the reasonableness of those attorney's fees. It is incumbent on MidFirst, as the party seeking an award of attorney's fees, to submit adequate documentation, through billing records and sworn testimony, to support the reasonableness of the attorney's fees requested. *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). I cannot award MidFirst an unknown amount of attorney's fees. As such, I recommend that MidFirst's request for attorney's fees be denied without prejudice at this time.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's Motion for Final Summary Judgment (Dkt. 20) be **GRANTED**, as far as it seeks declaratory relief, and **DENIED** without prejudice as to its request for attorney's fees. To the extent MidFirst is interested in pursuing an award of attorney's fees, MidFirst shall file a Motion for Attorney's Fees and Costs within 14 days of an order adopting this Memorandum and Recommendation. Morrison may file a response to that motion within 21 days of its filing.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties, who have 14 days from receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 18th day of July 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE